**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                           |   |                              |
|---------------------------|---|------------------------------|
| IN RE GREGORY CRAMER,     | : | Bankruptcy No. 10-12220 (MBK) |
|                           | : | Adv. Proc. No. 10-1291 (MBK) |
|    Debtor. | : |                              |
| ————————————————          | : |                              |
|                           | : |                              |
| THOMAS L. DEFEO,          | : | CIVIL ACTION NO. 11-1211 (MLC) |
|                           | : |                              |
|    Plaintiff, | : |                           |
|                           | : | **MEMORANDUM OPINION**       |
|    v.      | : |                              |
|                           | : |                              |
| GREGORY CRAMER,           | : |                              |
|                           | : |                              |
|    Defendant. | : |                           |
| ————————————————          | : |                              |

**COOPER, District Judge**

Plaintiff, Thomas L. DeFeo ("DeFeo"), commenced an action in New Jersey Superior Court ("State Action") against Defendant, Gregory Cramer ("Cramer"), to recover damages for personal injuries sustained when Cramer allegedly struck DeFeo with an automobile. (Dkt. entry no. 1, Pl. Certif., Ex. 3, Compl. at 3-4.) Eight months later, Cramer petitioned for bankruptcy relief in the United States Bankruptcy Court for the District of New Jersey, and subsequently disclosed the State Action, and DeFeo as a creditor. See In re Cramer, Bankr. D.N.J. No. 10-12220, dkt. entry no. 1, Pet.; id., dkt. entry no. 8, Am. Scheds. DeFeo then brought an adversarial proceeding in the Bankruptcy Court ("Adversary Action"), seeking judgment on his claims and a declaration of nondischargeability. DeFeo v. Cramer, Bankr. D.N.J. Adv. Proc. No. 10-1291, dkt. entry no. 1.

After issuing and vacating an Order To Show Cause why the Adversary Action should not be dismissed for DeFeo's failure to prosecute on February 9, 2011, the Bankruptcy Judge granted DeFeo 30 days to move to withdraw the reference. Id., dkt. entry no. 19, Order To Show Cause; id., dkt. entry no. 22, 2-9-11 Minutes. DeFeo now moves to withdraw the reference of the Adversary Action and seeks a jury trial in the District Court, apparently on both the issues of liability and dischargeability. (See dkt. entry no. 1, Not. of Mot. at 1; Pl. Certif. at 3.) The Court determines the motion on the briefs without oral argument. See Fed.R.Civ.P. 78(b). The Court will grant the motion in part and deny the motion in part, for the reasons stated herein.

## DISCUSSION

### I. Applicable Legal Standards

#### A. Withdrawal

Bankruptcy judges may preside over, and enter appropriate orders and judgments pertaining to, all cases under chapter 11 of the Bankruptcy Code and all "core proceedings" arising thereunder. 28 U.S.C. § 157(b)(1). Bankruptcy judges may also hear "non-core proceedings" that are "related to" pending proceedings. 28 U.S.C. § 157(c)(1). In certain circumstances, when a case has been referred to a bankruptcy court, the District Court may withdraw that reference, in whole or in part, from the bankruptcy court's jurisdiction. See 28 U.S.C. § 157(d); In re

2

Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990); In re Glunk, No. 05-31656, 2006 WL 6659552, at *4 (Bankr. E.D. Pa. Aug. 18, 2006). Under Federal Rule of Bankruptcy Procedure 5011(c), a district judge shall hear a motion for withdrawal of a case or proceeding and the relief that the district judge grants pursuant to a filed motion for withdrawal shall be on such terms and conditions as the judge deems proper.  See Fed.R.Bankr.P. 5011(c).

"[B]ankruptcy courts have no power to make factual determinations regarding personal-injury tort claims." In re Martinez, No. 10-0454, 2010 WL 3075282, at *2 (D.N.M. July 15, 2010).  The Bankruptcy Court's core jurisdiction does not extend to "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case."  Id.; see also 28 U.S.C. § 157(b)(2)(B); 28 U.S.C. § 157(b)(2)(O) (stating that core jurisdiction extends to "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims").  Rather, "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."  28 U.S.C. § 157(b)(5).

The Bankruptcy Court lacks subject-matter jurisdiction to adjudicate personal injury tort claims, but it has jurisdiction to adjudicate dischargeability once the claims have been liquidated.  see In re Erickson, 330 B.R. 346, 349 (Bankr. D. Conn. 2005); see also Martinez, 2010 WL 3075282, at *3 (noting 11 U.S.C. § 523(a)(6) "excepts from discharge any debt incurred for willful and malicious injury by the debtor to another," and that "[t]his determination is a core bankruptcy matter").

**B.   Abstention**

Although 28 U.S.C. § ("Section") 157(b)(5)'s use of the word "shall" appears to require the district judge with jurisdiction over the bankruptcy petition to order personal injury cases tried in a district court, a second statutory provision states:

> Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under [the bankruptcy code] or arising in or related to a case under [the bankruptcy code].

28 U.S.C. § 1334(c)(1).  "Federal courts have uniformly held that this provision permits district court judges to abstain from exercising the authority granted by [Section] 157(b)(5), where such abstention would be in the interest of justice."  Marks v. Outboard Marine Corp., 974 F.Supp. 406, 410 (D.N.J. 1997).

"Mandatory abstention pursuant to Section 1334(c)(2) does not apply to the liquidation of personal injury tort or wrongful death cases . . . However, in its discretion, the Court may

4

abstain from hearing a case over which it has jurisdiction pursuant to the discretionary abstention principles set forth in Section 1331(c)(1)." <u>Hopkins v. Plant Insulation Co.</u>, 342 B.R. 703, 710 (D. Del. 2006) (citations omitted).

In assessing whether to exercise discretionary abstention, the Court considers the following factors:

> (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence of non-debtor parties.

<u>Allen v. J.K. Harris & Co., LLC</u>, 331 B.R. 634, 645 (E.D. Pa. 2005).

## II. Legal Standards Applied Here

### A. The Court Will Withdraw the Reference in Part

Because the Adversary Action asserts unliquidated claims for personal injury, the Court finds it appropriate to withdraw the reference of the Adversary Action to the Bankruptcy Court, to the extent that it seeks liquidation of the personal injury claims. See <u>Martinez</u>, 2010 WL 3075282, at *3 (withdrawing reference of

personal injury claims from bankruptcy court); <u>Beechgrove Redev.</u>
<u>Phase II, L.L.C. v. Wilson</u>, No. 09-4347, 2009 WL 2922260, at *1-2
& n.11 (E.D. La. Sept. 10, 2009) (granting motions to withdraw
and abstain for liquidation of personal injury suit in state
court, noting creditor intended "to use the state forum for
liquidation" and once determined would "present the judgment to
the Bankruptcy Court for payment").

     As discussed below, however, the Court will abstain from
hearing the personal injury claims, in favor of permitting the
pending State Action to resolve liability.  The Bankruptcy Court
retains jurisdiction for making the determination of
dischargeability, once the state court in the State Action has
liquidated the personal injury claims.  <u>See</u> <u>Erickson</u>, 330 B.R. at
349 (stating although bankruptcy court lacks subject-matter
jurisdiction to adjudicate personal-injury tort claim, it has
exclusive jurisdiction to adjudicate dischargeability once the
claim has been liquidated); <u>Martinez</u>, 2010 WL 3075282, at *3
(granting motion to withdraw, although staying proceedings for
state court action to continue).

     Unlike the personal injury claims, the Court does not find,
nor has DeFeo demonstrated, that the issue of dischargeability
merits withdrawal under Section 157(d).  To the extent DeFeo
seeks to withdraw the issue of dischargeability through invoking
the right to a jury trial on the issue (<u>see</u> Not. of Mot. at 1.),

he provides no authority for this position, and in any case, DeFeo may have waived this right by failing to follow Local Bankruptcy Rule 9015-1.

### B.   The Court Abstains From Hearing the Personal Injury Claims

The parties do not address whether DeFeo's claims should be heard in this Court or in the state court where the State Action was originally brought.  DeFeo asks for the claims to be "heard by a Judge in the District Court," but provides no authority for this request.  (Pl. Certif. at 3.)  "[T]he Court must next consider whether abstention is appropriate under Section 1334(c)."  Hopkins, 342 B.R. at 710.  Mandatory abstention does not apply to the unliquidated personal injury claims here.  See id.  However, the Court considers the factors for permissive abstention below.

### 1. Efficient Administration of the Estate

Where the outcome of a case may affect the entire bankruptcy case, permissive abstention is not proper.  Allen, 331 B.R. at 645.  Here, DeFeo's claim against Cramer may have some impact on the administration of the bankruptcy estate, if successful, in that it would be brought against the estate along with those of the other creditors.  But the Bankruptcy Court must await a finding of liability from either court before making a determination on dischargeability.  Further, it appears a judgment would be non-dischargeable only if Cramer's alleged

7

conduct is found to be willful or malicious.  See 11 U.S.C. §
1328; 11 U.S.C. § 523(a)(6).  There does not appear to be any
other issue within the State Action that would negatively affect
the administration of the estate.  Thus, this factor does not
preclude permissive abstention.  See id. at 645-46.

### 2. Domination of State Law Issues

The assertion of only state law claims in a complaint
suggests that permissive abstention would be appropriate.  See,
e.g., Lomas & Nettleton Co. v. Warren (In re Warren), 125 B.R.
128, 130, 132 (E.D. Pa. 1991) (finding permissive abstention
appropriate where matter was solely based on state law).  All of
DeFeo's claims are state law claims (see Compl. at 2-3), thus,
weighing in favor of permissive abstention.

### 3. Difficult or Unsettled Nature of State Law

The State Action includes claims for negligence and
intentional personal injury.  None of these claims appear to
present unique or unusual issues of law that are difficult or
unsettled in New Jersey.  This factor is therefore somewhat
neutral to the issue of permissive abstention.  See Allen, 331
B.R. at 646.

### 4. Related Proceeding Already Commenced in State Court

The State Action was filed before Cramer's bankruptcy
petition.  Because the State Action had not only been commenced,
but had proceeded for nearly eight months prior to the initiation

of the Adversary Action, this factor weighs in favor of permissive abstention.  See id.

### 5. Jurisdictional Basis other than 28 U.S.C. § 1334

According to the Complaint, DeFeo and Cramer both reside in New Jersey.  (Compl. at 1.)  There is, therefore, no basis for jurisdiction pursuant to Section 1332.  Because there are no federal claims involved in the case, there is also no basis for federal question jurisdiction.  Thus, there is no jurisdictional basis other than under Section 1334, and this factor weighs in favor of permissive abstention.  See id.

### 6. Relatedness or Remoteness to Main Bankruptcy Case

The claims in the Adversary Action are based on the alleged personal injuries caused by Cramer.  Until liability is found and the claims liquidated, it is substantively remote from the main bankruptcy case.  While the amount potentially owed to DeFeo may be of some importance to other creditors, the Court concludes that its relatedness to the bankruptcy case does not preclude permissive abstention.  See id.

### 7. Substance, Rather than Form, of Core Proceeding

As discussed above, the substantive personal injury claims underlying this proceeding do not "arise from" the bankruptcy case, but rather are merely related to it.  Thus, this factor weighs in favor of permissive abstention.  See id.

9

### 8. Feasibility of Severing State Law Claims

The Adversary Action contains only state law claims and the process of litigating those claims has already begun in the State Action in state court.  Thus, there are no state law claims which could be severed—all of the claims could proceed in the state court.  See id.

### 9. Burden on the Court's Docket

It appears from the ACMS Public Access ("ACMS") Case Document List that the State Action was proceeding, and it does not appear that the state court would be unduly burdened by resuming that action.  ACMS, Dkt. No. OCN-L-2047-09, available at http://njcourts.judiciary.state. nj.us/web1/ACMSPA/.  The Court does not believe that hearing the Adversary Action would burden its docket any more than it would a state court docket.  Thus, this is a neutral factor in the permissive abstention analysis.

### 10. Forum Shopping

The Court notes that DeFeo originally brought the State Action in state court.  Rather than petitioning the Bankruptcy Court to lift the automatic stay to permit the State Action to continue, DeFeo moves for the Adversary Action to be heard in the District Court.  In addition, although it does not appear that Cramer ever removed the State Action, DeFeo brought the Complaint to Determine Non-Dischargeability in the Bankruptcy Court, which included the request for a finding of liability and compensatory

and punitive damages, even before the state court was notified of Cramer's bankruptcy action.  (See Pl. Certif., Ex. 5, Compl. To Determine Non-Dischargeability at 2.)  See ACMS, Dkt. No. OCN-L-2047-09, 4-26-10 entry, "NOTC BANKRUPCY".  The Court concludes this conduct weighs slightly in favor of permissive abstention.

### 11. Right to a Jury Trial

DeFeo demanded a jury trial in the State Action and does so here.  However, because the Court is withdrawing the reference to the Bankruptcy Court on the personal injury claims, DeFeo could be afforded a jury trial in either state or federal court.  Thus, this is a neutral factor with respect to permissive abstention.  Allen, 331 B.R. at 647.[1]

### 12. Presence of Non-debtor Parties

The only parties in the Adversary Action are the debtor, Cramer, and a potential creditor, DeFeo.  However, it appears that another individual, Anna DeFeo, is a named party in the State Action.  See ACMS, Dkt. No. OCN-L-2047-09.  The presence of any other non-debtor parties weighs in favor of permissive abstention.  In re Pac. Gas & Elec. Co., 279 B.R. 561, 571 (Bankr. N.D. Cal. 2002).

---

[1] Because the Court is withdrawing and abstaining, it does not decide whether DeFeo waived his federal jury trial right through failure to follow the requirements of Local Bankruptcy Rule 9015-1.

After considering each of the above dozen factors, the Court concludes that the absence of any other basis for exercise of federal jurisdiction over the claims, the dominance of state law issues in the State Action, and the existence of a pending proceeding in state court sufficiently outweigh other concerns such that permissive abstention is appropriate here.  See Matter of Poole Funeral Chapel, Inc., 79 B.R. 37, 39 (Bankr. N.D. Ala. 1987) (recommending withdrawing the reference and abstaining from a personal injury action, to "allow the cases to be liquidated in the State court").[2]

The parties have not provided any state court orders indicating the current status of the State Action under Docket No. OCN-L-2047-09 or why is was dismissed.  However, the Court has examined the ACMS docket and notes the April 26, 2010, notation "ORDR DISM BANKR."  Because it appears that the State Action was dismissed pursuant to Cramer's bankruptcy petition, and because the Court is withdrawing the reference of the personal injury claims from the Bankruptcy Court, it appears appropriate for the State Action to resume in state court.  See Lopez v. Colombo, 379 N.J.Super. 96, 99 (N.J. App. Div. 2005)

---

[2] The Court notes that the State Action was not removed to this Court, so remand per se is not an issue.  However, by granting the motion to withdraw in part and abstaining, "the effect will be the same."  Pac. Gas & Elec. Co., 279 B.R. at 576 n.7 (noting related actions, "possibly with some exceptions, will proceed in state court").

(reinstating state court action pursuant to Bankruptcy Court's order lifting stay, noting "a dismissal occurring as a result of a bankruptcy stay would necessarily be without prejudice as it is not dispositional but instead interlocutory based upon lack of jurisdiction pending further order of the Bankruptcy Court").[3]

For these reasons, the Court will, in the interests of justice, withdraw the reference in part and abstain from hearing the personal injury claims, to permit DeFeo to resume the State Action in New Jersey Superior Court, Ocean County.  The Bankruptcy Court will retain jurisdiction over the issue of dischargeability once DeFeo's claims have been liquidated.

### CONCLUSION

The Court, for the reasons stated supra, will grant in part and the deny in part the motion.  Relief from the automatic stay is granted to the extent necessary to allow litigation of the personal injury claims in the State Action.  The Court will issue an appropriate order.

   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: May 26, 2011

---

[3] Under this reasoning, it appears that the next step is for DeFeo to petition the state court to administratively restore the State Action, advising the state court of this Court's order withdrawing the reference in part from the Bankruptcy Court.  Id.